# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO ZATARAIN-FAIRE, true name Carlos Alberto Zatarain-Fraire,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-369-1

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Carlos Zatarain-Faire appeals the sentence imposed following his guilty plea conviction of conspiracy to transport and move and attempt to transport and move an alien unlawfully present in the United States by means of transportation and otherwise and two counts of transporting and moving and attempting to transport and move an alien unlawfully present in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41153

States by means of transportation and otherwise for the purposes of commercial advantage and private financial gain. He argues that the district court erroneously applied a two-level adjustment pursuant to U.S.S.G. § 2L1.1(b)(6).

We review the district court's application of § 2L1.1(b)(6) de novo. *United States v. Maldonado-Ochoa*, 844 F.3d 534, 536 (5th Cir. 2016). This court applies a deferential clear-error standard of review to the district court's factual findings supporting the adjustment. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2012). A factual finding must be "plausible in light of the record as a whole" and will be found clearly erroneous only if a review of all the evidence leaves this court "with the definite and firm conviction that a mistake has been committed." *Id.*

Section 2L1.1(b)(6) provides for a two-level increase in a defendant's offense level if the transporting offense involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." § 2L1.1(b)(6). "Transporting aliens in a manner that significantly hinders their ability to exit the vehicle quickly creates a substantial risk of death or serious bodily injury." *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006).

Here, the evidence supports the conclusion that the aliens' ability to quickly exit the tractor-trailer was hindered by the manner in which they were being transported. In the event of an accident, the three aliens crammed into the storage compartment would have had to extricate themselves from each other and from the compartment by opening it from the inside, made more difficult by another alien sitting on top of the compartment. The record also indicates that the aliens in the compartment did not know that the compartment could be opened from the inside.

No. 17-41153

In light of the foregoing, the district court did not clearly err when it applied the two-level § 2L1.1(b)(6) adjustment for intentionally or recklessly creating a substantial risk of  death or serious bodily injury to the aliens he transported. *Rodriguez*, 630 F.3d at 380; *Zuniga-Amezquita*, 468 F.3d at 889. Accordingly, the judgment of the district court is AFFIRMED.